

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 12, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. V-374

Re: Tax exempt hospital to allow
a physician to use his own
equipment and for the hospi-
tal to remain free from ad
valorem taxes.

Dear Mr. Sheppard:

We refer to your letter of August 29, 1947, in
which you requested this department to advise you whether
or not a hospital permitting a physician to use his own
equipment is subject to payment of ad valorem taxes. As
to the circumstances giving rise to your request, we
quote from your letter as follows:

"This department has been asked to rule
on the question as to whether a tax-exempt
hospital (that is a hospital operating ex-
clusively as an agent of charity) loses its
exempt status by reason of its permitting a
physician who specializes in administering
anesthetics, in attending patients confined
to that hospital, to use his own gas machine
and gas and to leave his equipment and sup-
plies, when not in use by him, in whatever
unused space there may be available in the
hospital so as to have his apparatus immedia-
tely at hand whenever he is called upon to
administer anesthetics to the hospital's
patients."

Section 2 of Article 8 of the Constitution of
Texas, as paraphrased by the decisions of our Supreme
Court, authorizes the Legislature by general law to
exempt from taxation all buildings used exclusively
and owned by institutions of purely public charity.
Morris v. Masons, 68 Tex. 698, 5 S. W. 519; City of
Houston v. Scottish Rite Benev. Ass'n., 111 Tex. 191,

230 S. W. 978.  The Legislature in exercising this authorization enacted what is now codified as Article 7150(7), R. C. S.

The leading case on the application of this constitutional provision and of Article 7150(7) is Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926 (Tex. Com. App.).  We quote from this case as follows:

> "The constitutional requirement is two-fold; the property must be owned by the organization claiming the exemption; it must be exclusively used by the organization, as distinguished from a partial use by it, and a partial use by others, whether the others pay rent or not.

> "* * * if any part of it is rented out and the relation of landlord and tenant created, that very fact would necessarily destroy the exclusive use necessary to be retained by the owner to bring its property within the plain terms of the Constitution, and it has been therefore held, as it was in that case (Morris v. Masons, 68 Tex. 698, 703, 5 S. W. 519) and in State v. Settegast, Tex. Com. App., 254 S. W. 925, that the leasing of all or any part of a charitable institution's property to those not themselves engaged in a wholly charitable work, or the occupancy of even a part of the property by others under what amounts to an equivalent situation (City of Houston v. Scottish Rite Ass'n, 111 Tex. 191, 230 S. W. 978), destroys the exempt character of the property."

It will be noted from the above quotation and cases cited therein that to deprive an organization of this exemption, there must be a leasing of all or part of the building to those not themselves engaged in wholly charitable work or the occupancy of the property by others under what amounts to an equivalent situation. It seems evident that a physician by using his own equipment in attending patients confined in the hospital does not come within this inhibition.  We further do not believe that the leaving of supplies by a physician when not in use by him in whatever unused space there may be available in the hospital, as set forth in your request,

amounts to a situation that destroys or impairs the exclusiveness of the use of the property by the hospital so as to cause it to be not exempt. It has been recognized that a hospital enterprise necessarily presupposes the usual accompaniments of such an institution, and that the presence of these accompaniments about the premises does not affect the property as being exclusively used for its avowed purpose. Santa Rosa Infirmary v. City of San Antonio, supra. These accompaniments under modern medical science in our opinion include anesthesiant supplies.

The Santa Rosa Hospital case has been cited with approval in the recent case of Markham Hospital v. City of Longview, 191 S. W. (2d) 695, writ refused. Since the exemption was denied in that case, we desire to point out the distinguishing facts. A technician, although he paid no rent for the use of a laboratory in the hospital, did have exclusive use and personal demand and direction of the laboratory. He used it freely in carrying on his individual laboratory work as the East Texas Medical Laboratory, which work was performed on patients outside the hospital. In the present case there is no specific portion of the hospital used exclusively by the anesthetist and over which he has personal demand and direction. He merely has his gas machine, which we understand occupies about two and one-half feet of floor space, and accompanying articles, when not in use, placed in whatever unused space that may be available in the hospital.

## SUMMARY

A tax-exempt hospital does not lose its exempt status by reason of its permitting a physician, who specializes in administering anesthetics, in attending patients confined to that hospital to use his own gas machine and gas and to leave his equipment and supplies, when not in use by him, in whatever unused space there may be available in the hospital so as to have his apparatus available when

called upon to attend the hospital's patients.
Santa Rosa Infirmary v. City of San Antonio,
259 S. W. 926; Markham Hospital v. City of
Longview, 191 S. W. (2d) 695, writ refused.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____

Robert O. Koch
Assistant

ROK:AJM

APPROVED

ATTORNEY GENERAL